UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-CV-21149-KMW

BRADLEY FEINBERG,

    Plaintiff,

v.

ROYAL CARIBBEAN CRUISES, LTD.,
A Liberian Corporation,

    Defendant.
_____/

## AMENDED COMPLAINT

COMES NOW the Plaintiff, BRADLEY FEINBERG, by and through undersigned counsel and sues the Defendant, ROYAL CARIBBEAN CRUISES, LTD., and alleges as follows:

### GENERAL ALLEGATIONS

1. This is an action for damages which exceed Seventy-Five Thousand Dollars ($75,000.00), and the Court has diversity jurisdiction pursuant to 28 USC §1332.

2. In the event diversity jurisdiction does not apply, Plaintiff brings this action pursuant to the general maritime law of the United States as this action occurred on navigable waters and is a maritime cause of action.

3. The Plaintiff, BRADLEY FEINBERG (hereinafter "MR. FEINBERG"), was and is a resident and citizen of the State of New Jersey.

4. At all times material, the ROYAL CARIBBEAN CRUISES, LTD. (hereafter referred to as "ROYAL CARIBBEAN"), was and is a foreign corporation with its principal place of business in Miami-Dade County, Florida.

5. At all times material hereto, ROYAL CARIBBEAN transported fare-paying passengers on cruises aboard the M/S ADVENTURE OF THE SEAS (hereinafter "ADVENTURE") and other vessels. At all times material hereto, ROYAL CARIBBEAN owned, operated, managed, and/or controlled the ADVENTURE.

6. At all material times hereto, MR. FEINBERG was a fare paying passenger aboard the ADVENTURE for the purpose of enjoying a vacation cruise.

7. At all material times hereto, ROYAL CARIBBEAN owed a duty to MR. FEINBERG of using reasonable care under the circumstances in maintaining the premises of the ADVENTURE in a reasonably safe condition and operating the vessel in a reasonably safe manner.

8. On or about May 26, 2018, MR. FEINBERG was onboard the ADVENTURE. MR. FEINBERG was in his stateroom when he opened the cabin door to the hallway. The balcony door was also open at the same time and the closet door in his cabin was also open slightly.

9. Unbeknownst to MR. FEINBERG, but well-known to ROYAL CARIBBEAN, having the two doors of the cabin open at the same time created a wind tunnel effect. This wind-tunnel effect produces a swift rush of air through the cabin. This in turn caused the wooden closet door in the cabin to violently and unexpectedly fly open and strike the Plaintiff when the rushing wind caught the edge of the slightly open wooden closet door in the cabin.

10. MR. FEINBERG was forcefully struck by the closet door on the left side of his head and face. The powerful impact of the wooden closet door striking MR. FEINBERG in the head and face initially caused him to suffer headaches and pain on left side of his head and face.

11. MR. FEINBERG reported the incident to the ship's crew and also went to the ship's Medical Center for assessment of his headaches and pain on the left side of his head and face.

12. Following MR. FEINBERG'S initial injury and as a direct result of the shipboard incident, MR. FEINBERG has suffered injuries that include, but are not limited to a traumatic brain injury, headaches, a concussion, left eye pain, vertigo, sensitivity to light, lightheadedness, and dizziness.

13. The incident occurred due to the dangerous condition which exists when the balcony door is opened and the cabin door is then opened, which creates a dangerous wind tunnel within the passenger cabin in combination with the closet door not having a latch or lock and not being a sliding type door and being open ever so slightly which no reasonable person would recognize as a potential danger in the circumstances and no mechanism for automatically closing either the balcony or closet door when both a simultaneously opened.

14. ROYAL CARIBBEAN has actual knowledge that a wind tunnel effect will be created when both cabin and balcony doors are open at the same time. However, ROYAL CARIBBEAN was negligent and failed to use ordinary reasonable care in the circumstances by failing to have a system whereby both doors could not be open at the same time and/or failing to have a closet door which latched and/or locked or by failing to have closet doors that slide open and shut and by failing to warn of dangerous conditions or adequately warn of these dangerous conditions.

15. ROYAL CARIBBEAN is aware of and has actual and/or constructive notice of the dangerous conditions. Upon information and belief, numerous other passenger guests have been seriously injured in similar prior accidents being struck by cabin doors when the balcony door is open including small children.

16. ROYAL CARIBBEAN is aware and on notice of prior similar accidents where cabin doors have violently struck guests, including their heads, necks, backs, arms, fingers, legs

and feet, causing serious injuries, including traumatic brain injuries, neurological and orthopedic injuries, as well as traumatic amputations of fingers. The same violent effect applies to the closet doors in the cabin of which Defendant had constructive if not actual notice given the nature of the dangerous conditions (wind tunnel effect) and the length of time the dangerous conditions existed prior to the date of injury in this case.

17. The dangers to the Plaintiff were not open or obvious to the Plaintiff under the exercise of reasonable care in the circumstances but were and/or should have been obvious to the Defendant.

18. At all times material, Plaintiff used reasonable care in the circumstances for his own safety.

19. ROYAL CARIBBEAN negligently failed to warn MR. FEINBERG, MR. FEINBERG'S family of the dangers, via reasonable, adequate and conscious warnings, including written and/or verbal warnings, of both the wind tunnel effect and the danger of having the closet door unlatched or unlocked or partially and slightly open when the cabin door and balcony door are open at the same time.

20. ROYAL CARIBBEAN knew or should have known of the dangerous and unsafe conditions alleged above and failed to take reasonable steps to correct the hazards or warn Plaintiff of the aforementioned hazards. Placing a simple latch or lock on closet doors in cabins with balconies with a sign affixed to the outside of the closet warning passengers to keep the closet doors latched or locked when not in use would not be prohibitively expensive. Defendant could also construct the balcony and cabin doors, Another solution would be to have constructed and/or maintained the balcony and cabin doors in such a way so as not to allow them to be open at the same time or construct and/or maintain closet doors that slide open and shut. This would have

completely eliminated the danger and obviate the need for a warning sign entirely. ROYAL CARIBBEAN did none of the foregoing to correct the problem despite having actual and/or constructive notice of the danger.

21. As a direct and proximate result of ROYAL CARIBBEAN negligence, MR. FEINBERG sustained serious and permanent injuries to his body and mind and will continue to suffer such injuries in the future.

22. All pre-conditions to this action have been met or waived.

## COUNT I - NEGLIGENCE

23. MR. FEINBERG adopts and re-alleges paragraphs 1 through 22 above as fully set forth herein.

24. On or about May 26, 2018, and continuing thereafter, ROYAL CARIBBEAN breached the duty owed to MR. FEINBERG by committing one or more of the following acts and/or was negligent in the operation, maintenance or control of the ADVENTURE in the following respects:

   a. Failing to exercise reasonable care for the safety of its passengers, and creating a dangerous condition in and around the cabin and closet doors;

   b. Failing to provide closet, balcony and main cabin doors for passenger cabins reasonably designed for the safety of its passengers;

   c. Failing to properly maintain the closet door for use by passengers when both cabin and balcony doors are open at the time by not having a latch or lock to keep the closet doors shut tightly or by not having sliding closet doors which would have eliminated the hazardous condition;

   d. Failing to properly inspect the cabin, closet and the balcony doors prior to the incident in question;

   e. Failing to properly test the cabin and closet doors prior to the incident in question;

    f.    Failing to warn passengers, whom ROYAL CARIBBEAN knew or should have known would be using the cabin door and balcony door, of the dangerous condition which existed when passengers opened the cabin door and balcony door at the same time and specifically in regard to the closet door being forcefully and suddenly opened by a wind-tunnel effect when both cabin and balcony doors are open at the same time;

    g.    Failing to use appropriate safety devices for the closet door such as a latch or lock or to have sliding closet doors;

    h.    Failing to use appropriate opening and closing devices for the balcony and cabin doors in the cabin in order to eliminate or ameliorate the wind-tunnel effect;

    i.    Failing to properly and fully investigate similar incidents of wind-tunnel effects regarding the danger posed to passengers like Plaintiff involving the closet doors on its vessels;

    j.    Allowing a dangerous condition to exist notwithstanding prior incidents involving similar accidents aboard the ADVENTURE and other vessels in its fleet of cruise ships of a wind-tunnel effect created in the cabin when both cabin and balcony doors are open at the same time;

    k.    Failing to adequately investigate prior and subsequent incidents involving similar circumstances on the ADVENTURE and other vessels in its fleet of cruise ships;

    l.    Failing to post and/or otherwise communicate adequate warnings to passengers of the dangerous and unsafe condition in and about the cabin doors, closet doors and balcony door of the ADVENTURE at the time of the incident alleged herein;

    m.    Failing to assist Plaintiff or to provide reasonable in the circumstances adequate safety and care for passengers on the cruise ship;

    n.    Failing to devise a safety mechanism which would prevent both cabin and balcony doors from being fully opened at the same time;

    o.    Failing to adequately warn Plaintiff of the dangers of having both cabin and balcony and closet doors open at the same time;

25.    ROYAL CARIBBEAN'S negligence, as described above, caused or contributed to causing the injuries MR. FEINBERG complains of in this lawsuit.

26. As a result of the negligence of ROYAL CARIBBEAN onboard the ADVENTURE, MR. FEINBERG was injured about his body and extremities, suffered severe physical pain, mental and emotional anguish from his injuries, loss of enjoyment of life, physical disability, impairment, inconvenience in the normal pursuits of life, aggravation of any previously existing known and/or unknown conditions therefrom, incurred medical expenses in the care and treatment of his injuries and suffered physical handicap and suffered a loss of earning capacity. The injuries and damages are permanent or continuing in nature and MR. FEINBERG will suffer the losses and impairments in the future. In addition, MR. FEINBERG lost the benefit of his vacation cruise for which he incurred expenses, including, but not limited to the cost of the cruise ticket for himself and others as well as transportation costs.

WHEREFORE, the Plaintiff, BRADLEY FEINBERG, demands judgment against the Defendant, ROYAL CARIBBEAN CRUISES, LTD., for compensatory damages, including pre-judgment interest, costs, and all damages allowable by maritime and state law, and further demands trial by jury of all issues so triable as a matter of right, as well as any further relief as this Court deems just and appropriate.

## COUNT TWO- NEGLIGENT DESIGN AND CONSTRUCTION

25. Plaintiff reavers and realleges Paragraphs 1-22 and 24 as if set forth herein.

26. ROYAL CARIBBEAN actively participated in the design and construction of the ADVENTURE. Defendant, through its new-build department, in-house engineers, architects, designers and others actively participated in the design and construction of the flooring which caused Plaintiff's injury and chose or participated in choosing the materials such as the non-locking or non-latching or non-sliding closet door and the cabin and balcony doors in cabins like MR. FEINBERG's where the incident occurred.

27. Defendant contracted with design firms to design and construct the closet, balcony and cabin doors where this incident occurred, contracted with the shipyard to build the ship, stationed representatives at the shipyard to oversee construction and design elements, and through the contract documents and relationship as owner had the ultimate ability to reject or accept the design, construction and materials used on the closet, balcony and cabin doors in the cabin where Plaintiff was injured.

28. Defendant was negligent in the design, construction, inspection and approval process of the ship for failing to select, construct and/or design proper closet and/or balcony and/or cabin doors which were and are reasonably safe in the circumstances.

29. Defendant knew or should have known through the exercise of reasonable care in the circumstances that the closet door without a latch or lock was unreasonably dangerous.

30. As a result of the negligence of the Defendant as aforesaid, the Plaintiff was injured in and about his body and extremities and suffered pain, mental and emotional distress and anguish therefrom; incurred medical expense and physical handicap and a loss of the ability to enjoy life; suffered an aggravation of known and unknown pre-existing conditions, suffered a loss of enjoyment and value of the cruise; suffered a loss of earning capacity. Said personal injuries are permanent and/or continuing in nature and the Plaintiff shall continue to suffer such losses and impairments in the future.

31. At all times material, Plaintiff acted with reasonable care for his own safety.

WHEREFORE, the Plaintiff, BRADLEY FEINBERG, demands judgment against the Defendant, ROYAL CARIBBEAN CRUISES, LTD., for compensatory damages, including pre-judgment interest, costs, and all damages allowable by maritime and state law, and further demands trial by jury of all issues so triable as a matter of right, as well as any further relief as this Court deems just and appropriate.

Dated April 9, 2019.

By: */s/ Paul M. Hoffman, Esq.*
HOFFMAN LAW FIRM
2881 East Oakland Park Blvd.
Fort Lauderdale, FL 33306
Email: pmh@paulmhoffmanlaw.com
Telephone: (954) 707-5040

By: */s/ Laurence M. Krutchik, Esq.*
LAW OFFICE OF LAURENCE M. KRUTCHIK, P.A.
7450 SW 172nd Street
Palmetto Bay, Florida 33157
Email: LMKAttorney@gmail.com
Telephone: (305) 537-6866